**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4331**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ROBERT ANTHONY FITZGERALD LATHAN,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:15-cr-00228-DKC-8)

Submitted: December 15, 2016   Decided: December 19, 2016

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

A.D. Martin, LAW OFFICE OF ANTHONY D. MARTIN, Greenbelt, Maryland, for Appellant. Collin Francis Delaney, Special Assistant United States Attorney, Thomas Patrick Windom, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Anthony Fitzgerald Lathan appeals his sentence of 42 months of imprisonment for conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (2012). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal, but questioning whether the sentence imposed by the district court was reasonable and whether the Government breached the plea agreement by failing to recommend a reasonable sentence. Lathan has filed a pro se supplemental brief contending that his sentence was unreasonable, counsel provided ineffective assistance, and he was responsible for losses of no more than $100,000.

We review Lathan's sentence for reasonableness "under a deferential abuse-of-discretion standard." United States v. McCoy, 804 F.3d 349, 351 (4th Cir. 2015) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51. We presume that a sentence imposed within the properly calculated Sentencing Guidelines range is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

We have reviewed the record and conclude that the district court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an

2

opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3353(a) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. Furthermore, Lathan's sentence of 42 months was within the Guidelines range. Therefore, we conclude that Lathan's sentence is reasonable. Similarly, we conclude the Government did not breach the plea agreement, as it recommended a sentence of 46 months, within the Guidelines range of 37 to 46 months of imprisonment.

Next, a prisoner "may raise a claim of ineffective assistance of counsel in the first instance on direct appeal <u>if and only if it conclusively appears</u> from the record that counsel did not provide effective assistance." <u>United States v. Galloway</u>, 749 F.3d 238, 241 (4th Cir. 2014) (alteration and ellipsis omitted). Absent such a showing, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record here does not conclusively establish the alleged grounds for Lathan's claim, Lathan does not meet this demanding standard. This claim should be raised, if at all, in a § 2255 motion.

Finally, Lathan's guilty plea forecloses his claim that he was responsible for less than $100,000 in losses. <u>See</u> <u>United States v. Willis</u>, 992 F.2d 489, 490 (4th Cir. 1993) ("[A] guilty

3

plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." (internal quotation marks omitted)).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Lathan, in writing, of the right to petition the Supreme Court of the United States for further review. If Lathan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lathan.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED